IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEVON LONA LUNN,                )
                                )
        Petitioner,              )
                                )       1:18CV407
     v.                          )       1:16CR19-4
                                )
UNITED STATES OF AMERICA,        )
                                )
        Respondent.              )

**ORDER**

This matter is before this court for review of the Recommendation filed on February 7, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 217.) In the Recommendation, the Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 199), as amended, be denied and that this action be dismissed. The Recommendation was served on the parties to this action on February 7, 2020, (Doc. 216). Petitioner timely filed objections to the Recommendation, (Doc. 219). Petitioner also filed a document entitled "Motion to Vacate, Correct, Reduce Sentence Based on 2255," (Doc. 218), along with a supplement to the same, (Doc. 223). In addition, Petitioner filed a document entitled "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming," (Doc. 221), and a

supplement in support of the same, (Doc. 222). Finally, Defendant filed a "Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming." (Doc. 228.) This document is treated as a supplement to her earlier motion, (Doc. 221), and supplement, (Doc. 222). None of these pleadings has merit.

Regarding Petitioner's purported amendment and supplement to her § 2255 motion, (Docs. 218, 223), Rule 15(a) of the Federal Rules of Civil Procedure provides, "[a] party may amend its pleading once as a matter of course within: 21 days after serving it" or within 21 days of a responsive pleading or motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Here, Petitioner's period to amend as a matter of course has long since expired. As a result, Petitioner "may amend [her] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Here, the Government has not consented to amendment, and it would be futile for the court to permit Petitioner leave to amend her § 2255 motion.

-2-

Case 1:16-cr-00019-WO   Document 236   Filed 06/30/20   Page 2 of 5

First, the claims and arguments in Petitioner's proposed amendment are all vague, conclusory, and unsupported and would fail for this reason alone. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Second, the Recommendation filed in this matter already explains in detail why Petitioner's proposed new arguments lack merit. In other words, the proposed amendment is redundant. Third, to the extent Petitioner raises new grounds for relief for the first time, they would all be subject to the relevant statute of limitations and, beyond that, fail on the merits. It would therefore be futile to permit Petitioner to amend her § 2255 motion in light of all these deficiencies.

Last, Petitioner's "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming" will also be denied. (Docs. 221, 222.) This is because 18 U.S.C. § 3742 deals with review of a sentence after an appeal by the defendant or the Government, and the District Court does not enter into this process unless the Court of Appeals remands for resentencing. Given that the Fourth Circuit has not remanded for resentencing, there is no authority for the court to reduce Petitioner's sentence based on post-conviction rehabilitation. See United States v. Briceno, Case No. 11-20076-2, 2016 WL 3418489, at *1

-3-

Case 1:16-cr-00019-WO   Document 236   Filed 06/30/20   Page 3 of 5

(E.D. Mich. June 22, 2016). Accordingly, Petitioner's motion is denied.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 217), is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 199), as amended, is **DENIED** and that this action is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's motion entitled "Motion to Vacate, Correct, Reduce Sentence Based on 2255," (Doc. 218), and motion entitled "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming,"

(Doc. 221), as well as the additional supplement, (Doc. 228), are **DENIED**.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 30th day of June, 2020.

_____
  United States District Judge

-5-

Case 1:16-cr-00019-WO   Document 236   Filed 06/30/20   Page 5 of 5